# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JON AND LESLIE YOUNG | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-87 |
| | § | Judge Mazzant |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate's Motion for Summary Judgment (Dkt. #22). After reviewing the relevant pleadings and motion, the Court finds Defendant's motion should be granted.

## BACKGROUND

This case arises from Defendant's denial of Plaintiffs Jon and Leslie Young's claim for water loss damage. Plaintiffs obtained an insurance policy (the "Policy") from Defendant, effective from July 22, 2015, through July 22, 2016. On June 20, 2016, after suffering a water loss, Plaintiffs filed a claim under the Policy with Defendant. Subsequently, Defendant denied the claim. As a result, Plaintiffs filed suit against Defendant asserting claims for breach of contract, breach of duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code (Dkt. #13).

On August 18, 2017, Defendant filed its Motion for Summary Judgment (Dkt. #22). On September 11, 2017, Plaintiffs filed their response (Dkt. #23). Defendant filed Objections to Plaintiffs' Evidence in Support of Summary Judgment (Dkt. #24) and its reply (Dkt. #25) on September 18, 2017.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at

248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendant argues Plaintiffs provided no, or in the alternative insufficient, evidence on all of their claims against Defendant. As such, the Court addresses each claim in turn.

### a. Breach of Contract

Defendant makes three arguments for why Plaintiffs' breach of contract claim fails. Specifically, Defendant avers that (1) there is no evidence of a covered claim; (2) if the claim is covered, there is no, or insufficient, evidence that Defendant breached the insurance agreement; and (3) there is no, or insufficient, evidence to establish Plaintiffs' damages with reasonable certainty. Plaintiff responds by stating that their expert, Sam Rogers ("Rogers"), establishes that (1) this claim is covered under the Policy; (2) Defendant breached the insurance agreement; and (3) the amount of damages is reasonably certain.

"Under Texas law, a plaintiff alleging a breach of contract must show '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.'" *Villarreal*

3

*v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ)). Further, "for an insurance company to be liable for a breach of its duty to satisfy a claim presented by its insured, the insured must prove that its claim falls within the insuring agreement of the policy." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 348 (5th Cir. 2016) (citing *Data Specialties, Inc. v. Transcont'l Ins. Co.*, 125 F.3d 909, 911 (5th Cir. 1997)).

Here, the Policy covered "sudden and accidental" losses that occurred between July 22, 2015, and July 22, 2016 (Dkt. #22, Exhibit 1 at p. 36). The Policy defines "sudden and accidental" as "damage which occurs abruptly and is unexpected and/or unintended from the standpoint of **you**." (Dkt. #22, Exhibit 1 at p. 31) (emphasis in original). Defendant argues Plaintiffs' claim is not covered under the Policy because "the loss was not [the] result of a sudden leak" but "rather [occurred] over an extended period of time." (Dkt. #22, Exhibit 2 at p. 2). Conversely, Rogers, after locating the source of the water to be a broken drain pipe located behind the kitchen cabinets, opined that "the water damage was the result of an accidental and sudden occurrence" and "was not the result of negligence or long-term damage or long-term seepage." (Dkt. #23, Exhibit 3 at p. 2). Defendant objects to Rogers's statement arguing it is conclusory and inadmissible summary judgment evidence. Specifically, Defendant avers that because Rogers failed to identify the "thought process" or "when the damage occurred and over what time it occurred," such statements are "nothing more than a bare conclusion which cannot be used to defeat summary judgment." (Dkt. #24 at pp. 2–3).

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219 (5th Cir. 2015) (citing *Turner*, 476 F.3d at 343). Further, "unsupported [expert] affidavits

4

setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Id.* at 220 (alterations in original) (quoting *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 224 (5th Cir. 1991)).

Plaintiffs' only evidence that the loss occurred "suddenly and accidently" is Rogers's assertion stating just that.[1] Absent from Plaintiffs' evidence is the time, cause, or duration of the broken drain pipe. As such, Plaintiffs fail to provide the Court with any factual support or explanation of Rogers's basis for his conclusions. "[A] single conclusory expert affidavit, devoid of any factual support or explanation of the expert's basis for concluding that observed damage occurred as a result of [a sudden and accidental occurrence] within the policy period, [is] insufficient to meet Plaintiffs' burden of designating specific facts showing that there is a genuine issue for trial." *Id.* at 219. Because Plaintiffs fail to provide sufficient evidence, the Court finds Plaintiffs' breach of contract claim fails as a matter of law. *See id.* at 220 (holding the plaintiffs' expert's "affidavit was insufficient to create a genuine dispute of material fact on an essential element of Plaintiffs' claim, and because the only other evidence presented by Plaintiffs (damage estimates and a short email exchange between claims adjustors) shed no light on the inception of the damage, the district court properly granted summary judgment on Plaintiffs' breach of contract claim.").

   b.  **Plaintiffs' Extra-Contractual Claims**

Defendant argues that since "Plaintiffs fail on their contract claim in this case, they necessarily fail on their extra-contractual bad faith claims as well." (Dkt. #25 at p. 4). Plaintiffs do not argue that their extra-contractual claims survive without the existence of their breach of contract claim. Instead, Plaintiffs merely state that sufficient evidence exists to create fact issues

---

[1] Plaintiffs also attach a damage estimate (Dkt. #23, Exhibit 2 pp. 6–14) prepared by Rogers, but such evidence fails to establish when or how the damage occurred.

as to all of their claims. Even if Plaintiffs raised such an argument, the Court finds any attempt to do so would be unsuccessful due to the limited amount of evidence provided by Plaintiffs.[2]

In discussing the interplay between contractual and extra-contractual claims, the Texas Supreme court created five rules.

> First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*USAA Tex. Lloyds Co. v. Menchaca*, No. 14-0721, 2017 WL 1311752, at *4 (Tex. Apr. 7, 2017).

As explained above, Plaintiffs' breach of contract claim fails as a matter of law. As such, Plaintiffs cannot recover on their extra-contractual claims unless one of the aforementioned rules permits it. Beginning with the first rule, "the general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Id.* Plaintiffs fail to provide sufficient evidence that their claim is covered by the Policy. As a result, Plaintiffs are precluded from recovering under the first rule.

The second rule states that "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *Id.* at *7. Here, Plaintiffs fail to establish they

---

[2] Here, the only evidence provided by Plaintiffs includes Defendant's denial letter, Plaintiffs' expert designation of Rogers, which includes Rogers's damage report, and a one-page conclusory affidavit by Rogers (Dkt. #23, Exhibits 1–3).

6

are entitled to receive benefits under the Policy. As such, the second rule is inapplicable in this case.

The third rule provides that "an insured can recover benefits as actual damages under the Insurance Code even if the insured has no right to those benefits under the policy, *if the insurer's conduct caused the insured to lose that contractual right*." *Id.* at *9 (emphasis in original). This rule is recognized in "the context of claims alleging that an insurer misrepresented a policy's coverage,[3] waived its right to deny coverage or is estopped from doing so,[4] or committed a violation that caused the insured to lose a contractual right to benefits that it otherwise would have had.[5]" *Id.* at *9–*10. After reviewing the evidence, the Court declines to find this case falls within the context described above. As such, Plaintiffs cannot recover under the third rule.

Under the fourth rule—the independent injury rule—"if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits." *Id.* at *4. The independent-injury rule applies

> only if the damages are truly independent of the insured's right to receive policy benefits. It does not apply if the insured's statutory or extra-contractual claims are predicated on [the loss] being covered under the insurance policy . . . or if the damages flow or stem from the denial of the claim for policy benefits. When an insured seeks to recover damages that are predicated on, flow from, or stem from policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits.

---

[3] "In the first context, we have recognized that an insurer that violates the statute by misrepresenting that its policy provides coverage that it does not in fact provide can be liable under the statute for such benefits if the insured is 'adversely affected' or injured by its reliance on the misrepresentation." *Id.* at *9 (citations omitted).
[4] "We have explained that waiver and estoppel cannot be used to re-write a policy so that it provides coverage it did not originally provide. But if the insurer's statutory violations prejudice the insured, the insurer may be estopped from denying benefits that would be payable under its policy as if the risk had been covered." *Id.* at *9 (citations omitted).
[5] This applies "when the insurer's statutory violation actually caused the policy not to cover losses that it otherwise would have covered." *Id.* at *10 (citations omitted).

7

*Id.* at \*11 (alterations in original) (citations omitted). Here, Plaintiffs fail to provide evidence that they suffered "an injury independent of the loss of policy benefits." Instead, the damages Plaintiffs seek "are predicated on, flow from, or stem from policy benefits." *Id.* As such, Plaintiffs cannot prevail under the fourth rule.

"The fifth and final rule is simply the natural corollary to the first four rules: An insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." *Id.* at \*12 (emphasis in original). As explained above, Plaintiffs fail to provide sufficient evidence establishing "a right to receive benefits under the policy or an injury independent of a right to benefits." *Id.* As such, the Court finds Plaintiffs are prohibited from recovering under the fifth rule. Accordingly, Plaintiffs contractual and extra-contractual claims fail as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allstate's Motion for Summary Judgment (Dkt. #22) is hereby **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SIGNED this 29th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE